IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA PAUL LEFLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-748-DWD |
| ) | |
| STATE OF ILLINOIS, COUNTY OF ) | |
| FRANKLIN, FRANKLIN COUNTY ) | |
| SHERIFF'S OFFICE, VILLAGE OF ) | |
| NORTH CITY, JAMES ALLEN, BRYCE | |
| SHAFFER, and PAUL URASKI, | |
| | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Joshua Paul Lefler has filed a *pro se* complaint alleging he was assaulted, wrongfully arrested, and denied medical care when officials responded to his complaint about a broken fire hydrant. Plaintiff seeks monetary damages to cover the cost of his ongoing medical care. Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3), a motion for service of process at government expense (Doc. 5), and a motion for recruitment of counsel (Doc. 4). Because Plaintiff seeks IFP status, his complaint is subject to review under 28 U.S.C. § 1915(a)(1).

As is set forth more fully below, the Court finds that the complaint asserts viable 42 U.S.C. § 1983 claims for deprivation of civil rights under color of law. Accordingly, Counts 1-3 of the complaint, as set forth herein, shall receive further review.

### I.      Standard of Review

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in this case, and the Court is satisfied that he is indigent. But because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff, the Court's inquiry does not end there.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

### II.      Complaint

In his complaint, Plaintiff makes the following allegations: On December 22, 2022, Defendant James Allen, the mayor of Coello, Illinois, responded to Plaintiff's complaint about a broken fire hydrant that was flooding his property. When Allen arrived, he was

2

already angry and walked with Plaintiff to the south end of his residence. Allen then "chest butted" Plaintiff and punched him in the face four times. Subsequently, two Franklin County deputy sheriffs arrived (Defendants Bryce Shaffer and Paul Uraski). Shaffer and Uraski placed Plaintiff in handcuffs without conducting an inquiry. While Shaffer and Uraski were escorting Plaintiff to a police vehicle, Plaintiff twisted his right ankle. Plaintiff fell and Uraski went over the top of him, pulling his arms and hurting his neck, shoulders, and testicles. Uraski and Shaffer then refused to provide Plaintiff with medical care.[1] According to supplemental material filed by Plaintiff, the incident resulted in Plaintiff being arrested and charged with aggravated battery (Doc. 11).

Plaintiff contends that the events described above resulted in physical and mental suffering. Plaintiff seeks compensation for his physical and mental anguish and for his related medical bills.

### III. Dismissal of Certain Parties

**A. The State of Illinois**

Here, Plaintiff's claims appear to be brought under 42 U.S.C. § 1983. The State of Illinois, however, is not subject to suit for money damages under § 1983. *Thomas v. Ill.*, 697 F. 3d 612, 613 (7th Cir. 2012). Accordingly, the State of Illinois will be dismissed from the case.

---

[1] Plaintiff also alleges that Shaffer sexually assaulted him in 2015, but the instant complaint brings no allegations pertaining to that incident.

**B. County of Franklin, Franklin County Sheriff's Office, and Village of North City**

Plaintiff's claims against the County of Franklin, the Village of North City, and the Franklin County Sheriff's Office[2] are constrained by the parameters of *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. Rather, in order to obtain relief against a municipality, a plaintiff must allege that the deprivations of his rights were the result of an official policy, custom, or practice of the municipality. *Id.* at 691; *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006).

Plaintiff has not satisfied this standard. Plaintiff does not assert that the alleged constitutional violations were caused by a municipal custom or policy. Accordingly, the County of Franklin, the Franklin County Sheriff's Office, and the Village of North City will be dismissed from the case.

IV. **Discussion**[3]

Based on the allegations of the complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned

---

[2] Plaintiff's claims against the Franklin County Sheriff's Office are the functional equivalent of a direct suit against the municipality. *Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

[3] At this time, the Court does not have sufficient information to assess whether any ongoing criminal proceeding implicates the abstention principles articulated in *Younger v. Harris*, 401 U.S. 37, 54 (1971) or, alternatively, if one or more of Plaintiff's claims are barred under *Heck v. Humphrey*, 512 u.S. 477, 487 (1994).

in the complaint but not addressed in this order should be considered dismissed without prejudice.

> Count 1: Fourth Amendment claim against James Allen for physically assaulting Plaintiff on December 22, 2022 when Allen arrived at Plaintiff's residence in response to Plaintiff's complaint about a leaking fire hydrant.
>
> Count 2: Fourth Amendment claim for false arrest against Bryce Shaffer and Paul Uraski in connection with Plaintiff's arrest on December 22, 2022.
>
> Count 3: Fourth Amendment claim against Bryce Shaffer and Paul Uraski for refusing to provide Plaintiff with medical care on December 22, 2022 when he was injured during his arrest.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The Fourth Amendment governs Plaintiff's claims pertaining to alleged violations of his constitutional rights in connection with his arrest on December 22, 2022. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Braun v. Vill. of Palatine,* 56 F.4th 542, 551 (7th Cir. 2022), *reh'g denied,* No. 20-3227, 2023 WL 2188741 (7th Cir. Feb. 23, 2023).

### *Count 1*

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." A seizure triggering Fourth Amendment protection occurs when a government actor "by

means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). Additional factual development of the record may doom this claim, but at this early stage, the allegation that James Allen, in his capacity as the Mayor of Coello, physically assaulted Plaintiff while responding to his complaint about a leaky fire hydrant is sufficient to survive screening.

### *Count 2*

An unlawful arrest claim requires a plaintiff to demonstrate that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 538 (7th Cir. 2009). An officer has probable cause, if, at the time of the arrest, the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing ... that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez*, 578 F.3d at 537 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). When an arresting officer has probable cause to believe that a person has committed or is committing "even a minor crime in his presence, ... [t]he arrest is constitutionally reasonable." *See Virginia v. Moore*, 553 U.S. 164, 171 (2008) (citing cases). Probable cause is an absolute defense to a claim of wrongful or false arrest under the Fourth Amendment. *Ewell v. Toney*, 853 F.3d 911 (7th Cir. 2017); *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013). However, the Court may decide whether probable cause existed at the time of arrest, only if the underlying facts that support probable cause are undisputed. *Gonzalez*, 578 F.3d at 537 (citing *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993)). Liberally construed, the complaint alleges that Plaintiff was arrested without probable cause. The police report filed by Plaintiff as

6

a supplemental pleading suggests otherwise (Doc. 11). Nonetheless, at this early stage, Count 1 survives screening and shall receive further review against Shaffer and Uraski.

*Count 3*

Plaintiff claims that, as he was being arrested and while in handcuffs, he tripped, causing Uraski to go "over the top of [Plaintiff] pulling [his] arms and hurting [his] neck, shoulders, and testicles." (doc. 2, p. 8). According to the complaint, Uraski and Shaffer denied Plaintiff's requests for medical care in connection with the injuries he allegedly incurred. At this stage, the allegation that Uraski and Shaffer denied Plaintiff's request for medical care, after observing his fall and allegedly serious injuries, is sufficient to survive screening. As such, Count 3 shall receive further review against Shaffer and Uraski.

### V.    Motion for Recruitment of Counsel

Plaintiff has filed a motion for recruitment of counsel (Doc. 4). As a litigant in a civil case, Plaintiff has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, a District Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1).

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as

7

a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

In his motion, Plaintiff refers to efforts to retain counsel himself but has not provided any specifics from which the Court could find his efforts were reasonable. For this reason, the Court **DENIES without prejudice** his motion for appointment of counsel (Doc. 4). Plaintiff may reapply with documentation of his efforts to obtain counsel.

### VI. Conclusion

Defendants, the State of Illinois, the County of Franklin, the Franklin County Sheriff's Office, and the Village of North City are **DISMISSED** from the case without prejudice. The Court **DIRECTS** the Clerk of Court to terminate them as parties in CM/ECF. The remaining claims survive preliminary review as follows: Count 1 will proceed against James Allen; Count 2 will proceed against Bryce Shaffer and Paul Uraski; and Count 3 will proceed against Bryce Shaffer and Paul Uraski.

The Court is satisfied from Plaintiff's affidavit that he is indigent. The Court further finds that the action is not clearly frivolous or malicious and does not fail to state a claim. Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 3).

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. FED. R. CIV. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly,

8

Plaintiff's Motion for Service of Process at Government Expense is **GRANTED** (Doc. 5) The Court **DIRECTS** the Clerk of Court to send the plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order. The plaintiff shall complete the summons form for issuance by the Clerk of Court.

The Court further **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service on the defendants.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED.**

**SO ORDERED.**

Dated: May 9, 2023

DAVID W. DUGAN
United States District Judge